UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

G&M ESTATES USA, INC.,

    Plaintiff,

v.                                            Case No.: 2:23-cv-842-JLB-NPM

INDIAN HARBOR INSURANCE
COMPANY,

    Defendant.
_____/

**ORDER**

Plaintiff G&M Estates USA, Inc. claims that defendant Indian Harbor Insurance Company breached an insurance contract by failing to cover damages to Plaintiff's property, which occurred on September 28, 2022. (Doc. 3 at ¶¶ 7–8). The Complaint contains one count for breach of contract and one count for declaratory relief. (*Id.* at ¶¶ 11–30). Defendant avers that Count II of the Complaint, the declaratory relief claim, should be dismissed for failure to state a claim upon which relief can be granted. (Doc. 15 at 2). Plaintiff responds, in relevant part, that the allegations in the Complaint and the attachments to the Complaint together adequately state a claim for relief. (*See* Doc. 17 at 8–11). After careful review of the record and the parties' arguments, the Court **DENIES** the Motion to Dismiss.

1

## BACKGROUND[1]

Plaintiff owns property located at 1591 Hayley Lane, Fort Myers, Florida 33907 (the "Property"). (Doc. 3 at ¶¶ 4–7). Before September 28, 2022, Plaintiff purchased homeowner's insurance from Defendant to cover the Property. (*Id.* at ¶¶ 5–6). On September 28, 2022, a windstorm event damaged the Property. (*Id.* at ¶ 7). Plaintiff filed an insurance claim for such damage. (*Id.* at ¶ 5; *see also id.* at 117–23). Defendant has not acknowledged coverage for the loss or issued payment for Plaintiff's claim. (*Id.* at ¶ 8).

Plaintiff initially filed its Complaint in the Circuit Court for the Twentieth Judicial Circuit in and for Lee County, Florida, on September 7, 2023. (Doc. 1-1 at 1). The Complaint was served on Defendant on September 18, 2023. (Doc. 1 at 6). On October 6, 2023, Defendant removed the action to this Court based on diversity jurisdiction grounds. (*See id.* at 2). Plaintiff is a Florida corporation with its principal place of business located in Florida, while Defendant is incorporated in Delaware and has its principal place of business in Tennessee. (*Id.*; *see also* Doc. 1-1 at ¶ 2). The Notice of Removal was initially unclear about the amount in controversy (*see* Docs. 32, 33), but Defendant filed a Notice of Supplemental Filing (Doc. 35), which included a Sworn Statement in Proof of Loss indicating that the net amount claimed is $851,818.86 (*see id.* at 3) and a Public Adjuster Estimate

---

[1] "At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1273 n.1 (11th Cir. 1999) (citation omitted). Accordingly, this background section relies on the facts recited in the Complaint. (*See* Doc. 3).

indicating at least that amount in damages (*see id.* at 4–30).  Moreover, Plaintiff has not indicated that the value of its claim is less than the amount in controversy requirement.  Thus, the Court is satisfied that it has subject matter jurisdiction over this matter.  *See* 28 U.S.C. § 1332(a); *see also Stefchack v. Geovera Specialty Ins. Co.*, No. 6:20-cv-1092-Orl-22GJK, 2020 WL 6478527, at *2 (M.D. Fla. Aug. 26, 2020) (citations omitted) ("It is well-established that courts often consider a proof of loss statement as a reliable source of alleged damages in determining whether the amount in controversy is met").

On October 10, 2023, Defendant filed a Motion to Dismiss Count II of Plaintiff's Complaint for Declaratory Relief.  (Doc. 8).  On October 27, 2023, Defendant filed an amended Motion to Dismiss Count II of Plaintiff's Complaint for Declaratory Relief.  (Doc. 15).  Thus, Defendant's initial motion to dismiss was denied as moot.  (Doc. 20).  Plaintiff filed a response to the amended motion to dismiss on November 17, 2023.  (Doc. 17).

## LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires that a pleading include "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This standard does not require "detailed factual allegations" but demands more than an unadorned accusation.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  "[C]onclusory allegations, unwarranted factual deductions or legal conclusions masquerading as

3

facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003) (citation omitted).

"At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *Bryant*, 187 F.3d at 1273 n.1 (citing *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998)). To warrant dismissal of a complaint under Federal Rule of Civil Procedure 12(b)(6), it must be "clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Blackston v. Alabama*, 30 F.3d 117, 120 (11th Cir. 1994) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).

## DISCUSSION

Although Plaintiffs pleads Count II as a declaratory action pursuant to Florida's Declaratory Judgment Act (Doc. 3 at 3–6), the Court construes it as seeking relief under the federal Declaratory Judgment Act. *See Costa Regency, LLC v. HSBC Card Servs., Inc.*, No. 8:19-cv-1362-T-33JSS, 2019 WL 2567926, at *3 (M.D. Fla. June 21, 2019) (citing *Coccaro v. Geico Gen. Ins. Co.*, 648 F. App'x 876, 880–81 (11th Cir. 2016)) ("Although the Complaint seeks a declaration under Section 86.011, Florida Statutes, the case has been removed to federal court, and so, the federal Declaratory Judgment Act, 28 U.S.C. § 2201, governs . . . .").

The Declaratory Judgment Act "provides that a declaratory judgment may only be issued in the case of an actual controversy." *A&M Gerber Chiropractic LLC v. GEICO Gen. Ins. Co.*, 925 F.3d 1205, 1210 (11th Cir. 2019) (quoting *Emory v.*

*Peeler*, 756 F.2d 1547, 1551–52 (11th Cir. 1985)).  When determining whether there is an actual controversy, the ultimate question is "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."  *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (citation omitted).  "District courts have 'broad statutory discretion to decline declaratory relief.'"  *Cambridge Christian Sch., Inc. v Fla. High Sch. Athletic Ass'n, Inc.*, 942 F.3d 1215, 1251 (11th Cir. 2019) (quoting *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995)).  And a district court may stay or dismiss a declaratory judgment that "will serve no useful purpose."  *Wilton*, 515 U.S. at 288.

"To state a claim for declaratory judgment, a party must identify a genuine dispute over 'the existence or non-existence of some right or status'" and "[i]dentification of a contractual provision needing clarification" is also needed.  *Golfview Motel, Inc. v. Scottsdale Ins. Co.*, No. 2:20-cv-831-FtM-38NPM, 2020 WL 7127127, at *1 (M.D. Fla. Dec. 4, 2020) (citations omitted).  At least one court in this district has noted that "[a] court must dismiss a claim for declaratory judgment if it duplicates a claim for breach of contract and seeks adjudication on the merits of the breach of contract claim."  *Golfview*, 2020 WL 7127127, at *1 (citing *Miami Yacht Charters, LLC v. Nat'l Union Fire Ins. Co. of Pittsburgh Pa.*, No. 11-21163-CIV, 2012 WL 1416428, at *2 (S.D. Fla. Apr. 24, 2012)).

Defendant argues that Count II "presents conclusory allegations of doubt and uncertainty without presenting any facts supporting the need for this Court's

5

interpretation of those facts." (Doc. 15 at 4). The Court disagrees. While the Complaint is not the model for specificity, Rule 8 does not require it to be. *See Kassem v. Martin*, No. 5:15-cv-623-Oc-30PRL, 2016 WL 3079952, at *2 (M.D. Fla. June 1, 2016) ("A complaint need not be perfect to state a claim."). Plaintiff cites several questions about its rights, which are clearly supported by the simple facts underlying the Complaint. (*See* Doc. 3). The Complaint states that the Court should make a declaration on the following issues:

> a. Whether the subject policy provides coverage for the water loss at the insured dwelling when there are no specific provisions excluding coverage for the type of water loss;
>
> b. Whether the subject policy is ambiguous regarding the coverage afforded for a water loss and windstorm losses that is a direct result of physical damage from a windstorm;
>
> c. Whether the subject policy is ambiguous regarding the exclusions for water damage when the damages are caused by a Windstorm;
>
> d. Whether the subject policy is ambiguous regarding the exclusions for limited water damage when caused by a Windstorm.
>
> e. Conflicts between the water exclusion and the water damage endorsement in the policy.

(*Id.* at ¶ 24). The Complaint also states that it "seeks interpretation of the policy provisions cited in Defendant's coverage determination letter attached as Plaintiff's Exhibit [B]." (*Id.* at ¶ 25, 117–23).

Some of these questions may turn out to be duplicative of the breach of contract claim. But at least one—"[c]onflicts between the water exclusion and the

6

water damage endorsement in the policy"—indicates a genuine dispute over the existence of some right or status. (*See id.* at ¶ 24). With respect to the remaining questions that Plaintiff identifies, even if they turn out to be duplicative of the breach of contract claim,

> [t]he Court finds that redundancy is not grounds for dismissal under Rule 12(b)(6) for failure to state a claim. Upon review, the Court need not conclude whether or not the declaratory judgment claims are subsumed by the breach of contract claims because the Court is persuaded to not dismiss the claim. In reaching this conclusion, the Court notes that there is no additional burden to Defendant in defending all claims. Since the breach of contract claim will proceed, discovery will occur in this case. If the declaratory judgment claim is subsumed by the breach of contract claim, there will be no additional discovery burdens as a result of the presence of the other claim. Further, this issue may be better addressed at the summary judgment stage, after discovery is completed. Thus, at this stage of the litigation, Plaintiff has plausibly alleged a declaratory judgment claim.

*Collaboration Betters the World, Inc. v. Hertz Corp.*, No. 2:23-cv-131-JES-KCD, 2023 WL 4705837, at *4 (M.D. Fla. July 24, 2023) (citation omitted).

## CONCLUSION

For the reasons set forth above, the Motion to Dismiss (Doc. 15) is **DENIED**.

**ORDERED** in Fort Myers, Florida on June 28, 2024.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE